609 So.2d 128 (1992)
In re the ESTATE OF Harold VERNON.
Barry J. BENDES, Martin F. Brecker, et al., Appellants,
v.
George H. BAILEY, as Administrator ad litem of the Estate of Harold Vernon, deceased, Appellee.
No. 92-0988.
District Court of Appeal of Florida, Fourth District.
November 25, 1992.
Nancy W. Gregoire and Edward A. Licitra of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellants.
*129 William H. Davis and Barbara Nolte of Giles, Hedrick & Robinson, P.A., Orlando, for appellee.
HERSEY, Judge.
The Florida estate of Harold Vernon brought an action for damages against the New York law firm of Certilman, Balin, Adler & Hyman for professional malpractice. Appellee, George H. Bailey, as Administrator ad litem of the estate, seeks to recover against the New York partnership, individual partners and employees and agents of the partnership. Jurisdiction over the partnership itself has been conceded. The remaining issue is whether jurisdiction has properly been exercised over the individual appellants, an issue decided adversely to them by denial of a motion to dismiss at the trial court level.
A court is limited by both its state's personal jurisdiction statutes and by constitutional principles of due process in its determination of jurisdiction. Sher v. Johnson, 911 F.2d 1357, 1360-61 (9th Cir.1990). The Florida Supreme Court in Venetian Salami Co. v. Parthenais, 554 So.2d 499, 500-01 (Fla. 1989), held that the determination of minimum contacts will depend upon the standards in World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) (test is whether the defendant's conduct in connection with the forum state is "such that he should reasonably anticipate being haled into court there."); and International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945) (a court may acquire personal jurisdiction over a nonresident only if the nonresident has "minimum contacts with [the forum state] such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'").
Thus, even though a nonresident may appear to fall within the wording of the Florida long-arm statute, the statute cannot be applied to obtain jurisdiction in the absence of the requisite minimum contacts with the forum state. Osborn v. University Society, Inc., 378 So.2d 873 (Fla. 2d DCA 1979). While the mere proof of any one of the several circumstances enumerated in section 48.193, Florida Statutes (1989), Florida's long-arm statute, as the basis for obtaining jurisdiction of nonresidents will not automatically satisfy the due process minimum contacts requirement, the Florida Supreme Court has noted that "implicit within several of the enumerated circumstances are sufficient facts which if proven, without more, would suffice to meet the requirements of International Shoe Co." Venetian Salami Co., 554 So.2d at 502-03. See also Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir.1990) (tortious act provision under Florida long arm statute is sufficient to provide a constitutional basis of jurisdiction over nonresident defendant).
In Kelly v. Florida Department of Insurance, 597 So.2d 900 (Fla. 3d DCA 1992), the Third District held that nonresident partners conducting business in the forum state through their copartners were subject to personal jurisdiction in that state. In Kelly, the Florida Department of Insurance initiated a lawsuit as receiver against a national accounting firm, two of its Florida partners, and three of its nonresident partners. The nonresident partners moved to dismiss for lack of jurisdiction over them, and the trial court denied that motion.
On appeal, the Third District held that the trial court had jurisdiction over the nonresidents pursuant to Florida's long arm statute. Id. at 901. Because the cause of action arose out of partnership business in Florida, the nonresidents were amenable to service by virtue of having conducted a business venture in Florida through their partnership and Florida partners. Id. Compare First Nat'l Bank of Minn. v. White, 420 F. Supp. 1331, 1335 (D.Minn. 1976) (the activities of a partner can subject his associates in the venture to jurisdiction in the forum when he has acted within the forum as an agent of the business).
The Kelly court also held that this exercise of personal jurisdiction would not violate due process under the United States Constitution. Id. at 901 (citing International *130 Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The court pointed out that the nonresidents were general partners in a partnership that had offices in Florida which regularly conducted business therein. Kelly, 597 So.2d at 901-02.
Furthermore, the Third District held that "[i]t is well established law that partners, acting within their authority and in pursuit of partnership business, bind all other partners and act as their agents. It is equally well established that each general partner is personally liable for all partnership obligations." Id. at 902 (emphasis added) (citations omitted). The Kelly court held that because the nonresidents were conducting business in Florida through their Florida partners and were personally liable for the partnership's actions, they should have reasonably expected to be haled into court in Florida. Id. at 902. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); World-Wide Volkswagen; see also Sutton v. Smith, 603 So.2d 693 (Fla. 5th DCA 1992) (all members to a joint business venture are subject to personal jurisdiction in Florida where the cause of action arose out of the joint venture's business activities or from one of the member's actions).
The Kelly court went on to hold that the nonresidents purposefully availed themselves of the benefits and protections of Florida law, thus purposefully directing their activities towards Florida. Id. See also Anson v. Lemperuer, 390 So.2d 478, 479 (Fla. 1st DCA 1980) (nonresident partner was subject to Florida jurisdiction where his partnership had property holdings and business dealings in Florida).
The above cases stand for the proposition that if the partnership has sufficient contacts with the forum state to subject it to the forum state's jurisdiction, then the nonresident partners are equally under the forum state's jurisdiction by virtue of the partnership's contacts. The courts based their reasoning on the minimum contacts the partners and partnership have with the forum state, as well as the reasonable expectations that the nonresident partners should have that they could be haled into court in the forum state by virtue of their partnership's activities in that state.
While this reasoning applies here, the instant case has the added factor that appellee alleged that appellants had contacts with Florida by virtue of the nonresidents' work on the Vernon estate being probated in Florida. So not only may the appellants be subjected to Florida jurisdiction by virtue of their partnership's activities in Florida through the Florida partners, but also by virtue of their specific contacts with Florida by rendering services on a Florida case pending in a Florida court.
The trial court made a finding that the parties' affidavits were not in material dispute with one another. The court further found that appellee satisfied his burden of proof of establishing appellants' minimum contacts with Florida after considering the pleadings and affidavits. The court lastly found that appellee also satisfied his burden of proof of establishing that Florida has long-arm jurisdiction over appellants pursuant to section 48.193. Under these circumstances it was not necessary to hold the kind of limited evidentiary hearing envisioned by the court in Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla. 1989). See also Harris v. Caribank, 536 So.2d 394, 395 (Fla. 4th DCA 1989).
Accordingly, we affirm.
AFFIRMED.
STONE, J., concurs.
FARMER, J., concurs in the result only.