662 So.2d 1303 (1995)
ROGERS & WELLS, Appellant,
v.
Ronald WINSTON, as Personal Representative of the Estate of Edna Vivian Winston, Deceased, and Bruce Winston and Bankers Trust Company, Appellees.
No. 94-0738.
District Court of Appeal of Florida, Fourth District.
October 25, 1995.
Rehearing, Certification and Rehearing Denied December 11, 1995.
David A. Riggs and Robert J. Hunt of Hunt, Cook, Riggs, Mehr & Miller, P.A., Boca Raton, for appellant.
Richard L. Lapidus and Marta Lederman Rub of Lapidus & Frankel, P.A., Miami, for appellee Ronald Winston.
Rehearing, Certification and Rehearing En Banc Denied December 11, 1995.
POLEN, Judge.
Rogers & Wells, a New York law firm, appeals the trial court's denial of its motion to dismiss/abate the petition to review the employment of agents filed by Ronald Winston as the personal representative of the estate of Edna Winston, Ronald's mother. The estate of Edna Winston, who died a resident of Florida, is being probated in Florida. Ronald and his brother Bruce Winston are co-beneficiaries of the estate. A provision in Ms. Winston's will required that costs, fees and estate taxes incurred in the administration of her estate be paid by the trustees out of assets in a New York marital trust. Rogers & Wells, a New York law firm, was employed by the personal representative to perform legal services for the Florida estate. Bruce objected to the payments made to Rogers & Wells. In response to the objections, the personal representative filed a petition to review the compensation to Rogers & Wells. Rogers & Wells filed a motion to dismiss/abate the action, claiming that they are not subject to the jurisdiction of the Florida courts because virtually all of *1304 the services performed on behalf of the estate were performed in New York for the marital trust. The trial court denied the motion. We affirm the decision of the trial court.
Our opinion In re Estate of Winston, 610 So.2d 1323 (Fla. 4th DCA 1992) dismissed Rogers & Wells' appeal of the trial court's abatement of that aspect of the case, because such an order is a non-final, non-appealable order. Thus, we have never passed on the merits of whether the Florida court has personal jurisdiction over Rogers & Wells. That issue is now properly before us, and we reject appellee's initial contention that that issue was decided adverse to Rogers & Wells, and is the law of the case.
Even if virtually all of the services provided by Rogers & Wells were performed in New York, because Rogers & Wells was employed to perform these services by an estate being probated in Florida, it was doing business in Florida and should have foreseen that it would be haled into a Florida court in the event of litigation over the services performed for the estate. In In Re Estate of Vernon, 609 So.2d 128 (Fla. 4th DCA 1992), an estate being probated in Florida sued a New York law firm for damages, and this court held that non-resident partners of the New York law firm were subject to Florida jurisdiction because of their work on an estate being probated in Florida. See also Windels, Marxs, etc. v. Solitron Devices, Inc., 510 So.2d 1177 (Fla. 4th DCA 1987) in which this court held that an out-of-state law firm hired by a corporation headquartered in Florida was subject to long-arm jurisdiction in Florida because of services rendered both in and out of Florida, notwithstanding that the particular omission which was the subject of the suit occurred outside of Florida.
We disagree with appellant's assertion that the court lacks jurisdiction because appellee failed to comply with the requisite pleading and service requirements under the Rules of Civil Procedure. According to Florida Rule of Civil Procedures 1.010, the rules of civil procedure do not apply when there is an applicable probate rule. Rule 5.020(b), Florida Rules of Probate, requires a petition in probate matters to contain a statement of the court's jurisdiction, if the jurisdiction has not already been established. We find that the petition's allegation that the proceeding to review the employment of agents was commenced pursuant to section 733.6175, Florida Statutes, was sufficient to comply with rule 5.020(b), Florida Rules of Probate. Further, we find that rule 5.041(b), Florida Rules of Probate only requires notice be mailed to all interested persons. Rogers & Wells is an interested party as defined by rule 5.041, Florida Rules of Probate, and section 731.201(21), Florida Statutes, and therefore service by mail was appropriate. See Payette v. Clark, 559 So.2d 630 (Fla. 2d DCA 1990).
AFFIRMED.
KLEIN and STEVENSON, JJ., concur.