DAUKSCH, J.
Appellant Clarkson appeals the non-final order denying his motion to quash and/or dismiss the Snyder’s complaint for lack of personal jurisdiction. We reverse because the court below should have held an evi-dentiary hearing to resolve certain factual conflicts created by the affidavits and pleadings.
This action involves an alleged sham investment scheme involving Legend Sports, Inc (LSI).[1] LSI allegedly induced the Snyders to buy a $200,000 “high interest promissory note,” payable at 12% interest in nine months, ostensibly to finance construction of a golf course and sports complex near Orlando. The note was purportedly guaranteed by Indemnity Reinsurance Co. (IRC) and the accompanying surety bond provided that any demand for payment of the bond be submitted in writing to:
THE SURETY: c/o Mr. Francis Clark-son
1124 Bolling Road Charlotte, NC 28207
LSI subsequently defaulted on the note and the Snyders wrote to IRC via Clark-son to enforce their rights under the surety bond. Their demands for payment went unheeded and the Snyders filed the underlying action to recover their investment.
Clarkson successfully moved to dismiss himself from the initial complaint, as well as the first and second amended complaints, for lack of personal jurisdiction. The Snyders’ third amended complaint alleged that IRC was a sham corporation used by Clarkson to personally issue worthless surety bonds in exchange for commissions, but they were unable to conclusively demonstrate this claim with supporting affidavits. Clarkson’s affidavits stated that he was employed by IRC “solely as the representative whom [sic] receives notices relating to bonds issued by it,” and that he had “never personally issued any surety bonds to the [Snyders].” In addressing Clarkson’s motion to dismiss the third amended complaint, the court considered several affidavits, along with the pleadings, and concluded that: 1) the Snyders had previously pled a basis for jurisdiction under Florida’s long-arm statute; and 2) “the essential facts in the pleadings and affidavits are not in direct conflict and the Court may resolve the legal issue of minimum contacts on the basis of the affidavits.” (Emphasis added).
Florida courts have established clear procedures for parties to prove, and courts to determine, that jurisdiction over nonresidents is proper under the long-arm statute, Section 48.193, Florida Statutes (1995). As recently stated by this court:
The burden of demonstrating the applicability of § 48.193 may initially be met by pleading facts within a jurisdictional basis contained in the statute. If the *159 plaintiff has pled a prima facie case for jurisdiction, a simple motion to dismiss for lack of jurisdiction must fail, as a motion to dismiss, without more, challenges only the facial sufficiency of the jurisdictional pleading. If, however, the defendant supplements the motion with an affidavit contesting jurisdiction, then the burden returns to the plaintiff who must, by affidavit or other sworn statement, prove a sufficient jurisdictional basis. If the affidavits are factually reconcilable, the trial court can resolve the issue on the basis of the affidavits; otherwise, an evidentiary hearing must be held.
Walt Disney Co. v. Nelson, 677 So.2d 400, 403 (Fla. 5th DCA 1996) (citations omitted & emphasis added). Having reviewed the affidavits, we disagree with the ruling below that the affidavits were not directly conflicting and remand for an evidentiary hearing to resolve the following factual issues: 1) Whether Clarkson was actively involved in issuing the IRC surety bonds or merely an independent contractor for purposes of correspondence; 2) whether IRC exists in any functional capacity as a loan guarantor; and 3) whether, in fact, Clarkson is the alter-ego of IRC. The trial court should reconcile these disputed facts with regard to both Florida’s long-arm statute and the constitutional “minimum contacts” requirement.
REVERSED AND REMANDED.
W. SHARP, and PETERSON, JJ., concur.

. In 1996, the Florida Department of Banking and Finance ordered Clarkson's co-defendant (LSI) to cease and desist its solicitation of Florida citizens, finding that LSI made "misrepresentations or omissions of material fact to Florida investors.” Since then, LSI's officers and employees, along with appellant Clarkson, have been indicted on charges of racketeering, securities fraud, fraud, and unauthorized insurance sales.