817 So.2d 873 (2002)
LAW OFFICES OF SYBIL SHAINWALD, et al., Appellants,
v.
Melinda BARRO, Weitz & Luxenberg, etc., et al., Appellees.
No. 5D01-2724.
District Court of Appeal of Florida, Fifth District.
April 26, 2002.
*875 Dennis R. O'Connor and Warren B. Kwavnick of Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Ft. Lauderdale, for Appellants.
Sharon J. Calix of Hall, David & Joseph, P.A., Miami, for Appellee Melinda Barro.
No Appearance for other Appellees.
SAWAYA, J.
Sybil Shainwald, a New York attorney, and the Law Offices of Sybil Shainwald, a professional corporation (collectively Shainwald), appeal the lower court's non-final order denying Shainwald's motion to dismiss for lack of personal jurisdiction. This court has jurisdiction pursuant to rule 9.130(a)(3)(C)(i), Florida Rules of Appellate Procedure. We reverse and remand for an evidentiary hearing.
The motion to dismiss was filed in a malpractice action initiated by Melinda Barro (Barro), a Florida resident, against Shainwald and numerous other attorneys. The genesis of the malpractice action was a products liability suit in which Shainwald and the other attorneys allegedly represented Barro in her attempt to recover damages against Bristol-Myers Squibb Co. (Bristol-Myers) and Medical Engineering Corp. (Medical) for injuries caused to Barro by her breast implants. Shainwald initially filed the products liability suit in New York. However, it was subsequently transferred to the U.S. District Court for the Middle District of Florida. Following the transfer of the case to Florida, Shainwald maintains that her representation of Barro ceased. Eventually, Bristol-Myers was dismissed from the action and a $757,569.64 judgment was entered against Medical.
Subsequent to entry of the judgment in the products liability action, Barro filed her amended malpractice complaint wherein she alleges that her attorneys, including Shainwald, were negligent and breached their fiduciary duty in handling the litigation. Shainwald filed a motion to dismiss for lack of personal jurisdiction and supporting affidavits, asserting that she has never engaged in business in Florida and therefore does not have sufficient minimum contacts to be subjected to Florida's jurisdiction. After a brief non-evidentiary hearing, the trial court denied Shainwald's motion. The issue we must resolve is whether the trial court erred in denying Shainwald's motion without first conducting an evidentiary hearing regarding the jurisdictional issue.
Two inquiries must be made when deciding whether personal jurisdiction exists over a nonresident. First, the complaint must allege sufficient facts to bring the action within the ambit of one of the various jurisdictional criteria contained in Florida's long-arm statute found in section 48.193, Florida Statutes (2000). See Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989); Horowitz v. Laske, 751 So.2d 82 (Fla. 5th DCA 1999); Quality Christmas Trees Co., Inc. v. Florico Foliage, Inc., 689 So.2d 1222 (Fla. 5th DCA 1997); Pluess-Staufer Indus., Inc. v. Rollason Eng'g & Mfg., Inc., 635 So.2d 1070 (Fla. 5th DCA 1994). Second, if the complaint properly alleges long-arm jurisdiction, sufficient minimum contacts must be *876 demonstrated that satisfy the requirements of federal due process. Venetian Salami; Gloveland Shipping, Ltd. v. Sveriges Angfartygs Assurans Forening, 791 So.2d 4, 11 (Fla. 1st DCA 2000) (citing International Shoe Co. v. State of Wash., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).
In determining whether the complaint contains sufficient allegations relating to the criteria contained in section 48.193, the courts permit the plaintiff to initially plead the pertinent language of the statute as the basis for jurisdiction without the necessity of specifically pleading all of the supporting facts. See Venetian Salami. Shainwald does not contest that Barro sufficiently alleges in her complaint the statutory criteria contained in section 48.193(1)(a) ("[o]perating, conducting, engaging in, or carrying on a business or business venture in this state.") and section 48.193(1)(b) ("[c]ommitting a tortious act within this state."). However, Shainwald, by affidavits, does challenge those allegations.
Regarding the second inquiry, the Florida Supreme Court, eschewing a "mechanistic approach" to personal jurisdiction, adopted the "modern jurisprudential approach" utilized by the federal courts. That approach requires the courts to determine whether the acts of the nonresident defendant give rise to sufficient "minimum contacts" with the forum state such that maintaining a suit there "does not offend `traditional notions of fair play and substantial justice.'" Georgia Insurers Insolvency Pool v. Brewer, 602 So.2d 1264, 1268 (Fla.1992) (quoting Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). "Factors that go into determining whether sufficient minimum contacts exist include the foreseeability that the defendant's conduct will result in suit in the forum state and the defendant's purposeful availment of the forum's privileges and protections." Georgia Insurers, 602 So.2d at 1264 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). In determining whether personal jurisdiction would comport with fair play and substantial justice, the facts of each case must be weighed. Venetian Salami; Quality Christmas Trees.
A defendant from a foreign jurisdiction may contest jurisdiction by filing a motion to dismiss. The motion may challenge the jurisdictional allegations of the complaint and it may claim a lack of sufficient minimum contacts. See Venetian Salami; Horowitz; Beasley v. Diamond R. Fertilizer, Co., Inc., 710 So.2d 1025 (Fla. 5th DCA 1998); Quality Christmas Trees; John Posey Corp. v. R.J.T. Eng'g, Inc., 617 So.2d 441 (Fla. 5th DCA 1993). Affidavits are generally necessary to support these challenges because the motion, by itself, only raises the legal sufficiency of the pleadings which is not an issue in these proceedings. Horowitz; Hewitt v. Taffee, 673 So.2d 929 (Fla. 5th DCA 1996). The burden then shifts to the plaintiff to prove by affidavit or other sworn statement that jurisdiction is proper. Venetian Salami; Quality Christmas Trees. If the affidavits can be harmonized, the trial court can make a decision based upon facts that are essentially undisputed. Venetian Salami; Quality Christmas Trees. If the affidavits are in direct conflict and cannot be reconciled, then the trial court must hold a limited evidentiary hearing to determine jurisdiction. Venetian Salami; Clarkson v. Snyder, 739 So.2d 157 (Fla. 5th DCA 1999); John Posey.
The parties followed this procedure. Shainwald refuted the jurisdictional allegations in Barro's complaint by filing an affidavit in support of her motion to dismiss, wherein she asserts that she has never *877 committed a tortious act in Florida, never engaged in business activity in Florida and never appeared in Florida on behalf of a client. With regard to Barro, Shainwald specifically states that neither she nor any member of her firm traveled to Florida to provide any legal services and that, although she was "retained by Melinda Barro[ ] to assist her in then [sic] case of Barro[ ] v. Bristol-Myers Squibb Co., et. al., the services that [she] and [her] firm rendered to Melinda Barro[ ] were provided within the State of New York."
Because Shainwald properly contested Florida's long-arm jurisdiction, the burden then returned to Barro to refute the evidence submitted by Shainwald. Barro filed a response to Shainwald's motion and a supporting affidavit. In the pleadings, Barro avers that: the injury, i.e., the malpractice and damages suffered therefrom, occurred in Florida; Shainwald knew there was a possibility that the products liability suit would be transferred to Florida at the time of its filing in New York; Shainwald hired co-counsel, Weitz & Luxenberg (Weitz), a New York law firm, which then hired Florida counsel upon the transfer of the products liability suit to Florida; Shainwald remained involved in the representation after the transfer of the case to Weitz; and Shainwald expected to derive some economic benefit from her co-counsel agreement with Weitz and the selected Florida firm.
Shainwald countered Barro's response with supplemental affidavits wherein she avers that she did not receive any compensation for the services provided to Barro, that there was never any contract or fee agreement with any Florida firm, and that she transferred Barro's file to Weitz and thereafter had no further contact with the Florida firm chosen by Weitz.
Our review of the affidavits establishes that they are not reconcilable and that conflicts exist regarding the jurisdictional allegations in the complaint and whether sufficient minimum contacts exist. Therefore, the trial court erred in not conducting an evidentiary hearing. Venetian Salami; Clarkson; John Posey; see also QSR, Inc. v. Concord Food Festival Inc., 766 So.2d 271 (Fla. 4th DCA 2000); Poe v. Marine Group of Palm Beach, Inc., 760 So.2d 273 (Fla. 4th DCA 2000); Meuers & Assocs., P.A. v. Heger, 752 So.2d 3 (Fla. 2d DCA), rev. denied, 767 So.2d 457 (Fla. 2000); Mowrey Elevator Co. of Fla., Inc. v. Automated Integration, Inc., 745 So.2d 1046 (Fla. 1st DCA 1999). Accordingly, we reverse and remand with directions that the trial court hold an evidentiary hearing to reconcile the disputed facts, including: (1) the provisions of any agreement concerning referral of the case by Shainwald to Weitz; (2) the extent, if any, of Shainwald's representation following the transfer of the case to Weitz and institution of the suit in Florida; and (3) whether Shainwald received any compensation arising out of the Florida litigation.
REVERSED and REMANDED with directions.
HARRIS and ORFINGER, R.B., JJ., concur.