831 So.2d 706 (2002)
William J. HARRIS, Jr., as Successor Co-Trustee of the Ferne L. Graves Trust and William J. Harris, Jr, an individual, Appellants,
v.
SHUTTLEWORTH AND INGERSOLL, P.C., an Iowa corporation; First Star Bank, N.A., as successor in interest to Merchants National Bank of Cedar Rapids, N.A.; Trisha Harris MacVane, an individual, and Emma Bryne Harris, an individual, Appellees.
No. 4D01-1680.
District Court of Appeal of Florida, Fourth District.
October 30, 2002.
Rehearing Denied December 23, 2002.
William J. Harris, Jr., Ruskin, pro se.
John P. Wiederhold of Wiederhold, Moses & Rubin, P.A., West Palm Beach, for Appellee-Shuttleworth and Ingersoll, P.C.
STONE, J.
We affirm an order dismissing William J. Harris, Jr.'s third amended complaint for lack of personal jurisdiction over Shuttleworth *707 & Ingersoll, P.C., an Iowa law firm.
Harris, a trust beneficiary, sued Shuttleworth for negligently handling trust proceeds. Shuttleworth moved to dismiss for lack of jurisdiction, attaching the requisite affidavit while Harris responded with his own affidavit. Unable to reconcile competing affidavits, the trial court conducted a hearing on the jurisdictional issue pursuant to Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989).
The record reflects that in 1966, Fern Graves, a resident of Florida, walked into Shuttleworth's law firm in Iowa to set up a trust in her name. The corpus of the trust included an interest in three parcels of real property situated in Linn City, Iowa. The income and principle of the trust were to be set aside for the benefit of Fern, her husband, her daughter (Patricia Harris) and Patricia's descendants. Both Graves and the Shuttleworth attorney who drafted the trust, Robert Daniel, are deceased.
Harris did not discover the acts giving rise to the suit against Shuttleworth until 1997, when he was appointed representative of Patricia's estate. He learned that, although in 1979, a Florida court appointed Sun Trust co-trustee with Patricia, Shuttleworth mailed the proceeds from the sale of the Iowa trust property to Patricia alone. Harris claims that this act deprived him of his share of the proceeds. According to Harris' affidavit and exhibits, Daniel was aware that Sun Trust was co-trustee and he continued to correspond with Patricia until 1991, even preparing tax returns for the Iowa property. In Shuttleworth's affidavit, its representative acknowledged that tax returns for the Iowa property were prepared in Iowa, albeit for all of the Iowa property owners, not just the trust. The Shuttleworth representative pointed out that Daniel even represented the other property owners, who were not Florida residents, adversely to the trust in a suit to partition the Iowa property. In that action, the Iowa court appointed a referee to sell the property and ordered Shuttleworth to act as the referee's attorney. On behalf of the referee, Daniel mailed one third of the proceeds from the sale of the Iowa property to Patricia Harris.
The record supports a conclusion that Shuttleworth's role as an agent was limited to transactions concerning the Iowa real property. The question, here, is whether personal jurisdiction exists because Shuttleworth prepared a document to be executed by a Florida resident and also sent information to a Florida resident relating to the Iowa property. There is no evidence that Shuttleworth was otherwise the lawyer for the Florida trust, although there is evidence that Daniel traveled to Florida concerning the Iowa property on at least one occasion.
The statutory basis for Harris' jurisdictional claim is sections 48.193(1)(a) and (b), Florida Statutes (2001). Jurisdiction exists under this section if Shuttleworth operated, conducted, engaged in, or carried on business within the state of Florida or committed a tortious act in Florida.
The trial court dismissed the complaint for lack of jurisdiction without specifically addressing whether Harris met the jurisdictional requirements under section 48.193(1)(a) by showing or failing to show that Shuttleworth operated, conducted, engaged in, and carried on business within Florida. As to subsection (b), it concluded that the negligence, if any, occurred in Iowa, but also decided it was unnecessary to resolve the issue because it found the record did not establish that Shuttleworth had sufficient minimum contacts with Florida to satisfy constitutional, due process requirements. The court found that Shuttleworth's involvement with the Florida trust related exclusively to management of *708 the Iowa property in Iowa and to some promissory notes executed in Iowa. The court also found that the documents prepared in Iowa and mailed to the trustee in Florida related to the Iowa trust property.
Because Shuttleworth lacked involvement with anything other than the property located in Iowa, it would not have reason to believe it would be haled into a Florida court. The trial court noted "[i]n fact, to rule otherwise could make it difficult or impossible for Florida residents to obtain management advice and services for out-of-state property owned by Florida residents." We agree that the evidence presented was insufficient to sustain personal jurisdiction over Shuttleworth.
We review orders dismissing a party for lack of personal jurisdiction de novo. See Execu-Tech. Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000). In doing so, two inquiries must be made. First, whether the complaint alleges sufficient facts to bring the action within the ambit of one of the various jurisdictional criteria contained in Florida's long-arm statute. Venetian Salami, 554 So.2d at 502. For this requirement, a plaintiff may simply track the language of the statute. Id. Second, if the complaint properly alleges long-arm jurisdiction, sufficient minimum contacts must be demonstrated to satisfy the requirements of federal due process. Id.
Shuttleworth points out, as did the trial court, that with respect to section 48.193(1)(a), correspondence alone is insufficient evidence that Shuttleworth conducted business in Florida. See Texas Guaranteed Student Loan Corp. v. Ward, 696 So.2d 930 (Fla. 2d DCA 1997).
With respect to section 48.193(b), the supreme court has recognized that to commit a tortious act in Florida, a defendant's physical presence is not required. Execu-Tech, 752 So.2d at 584. The court has recently held that "committing a tortious act" in Florida under 48.193(1)(b) could be established through the non-resident defendant's telephonic, electronic, or written communications into Florida provided that the cause of action arose from those communications. Wendt v. Horowitz, 822 So.2d 1252, 1259 (Fla.2002). Nothing, however, in those cases indicates that simply communicating or transferring documents to or within Florida with respect to transactions in another state imposes jurisdiction, per se.
Recently, this court, in interpreting Wendt, concluded that, standing alone, the fact of loss to a Florida resident caused by conduct outside the state is insufficient to impose jurisdiction, stating:
To hold otherwise is to read a considerable addition into the simple phrase "commits a tortious act within Florida." If the Legislature intended for this provision to encompass all tortious acts which were complete outside Florida but ultimately have consequences here only because a Florida resident suffers damages, we believe it would be incumbent on the Legislature to make that statutory purpose clear in the plainest of language. (footnote omitted) Because we do not yet discern such a purpose, we limit the statutory provision to its plain and obvious meaning.
Korman v. Kent, 821 So.2d 408, 408 (Fla. 4th DCA 2002).
In determining whether personal jurisdiction would comport with fair play and substantial justice, the facts must be weighed on a case-by-case basis. Law Offices of Sybil Shainwald v. Barro, 817 So.2d 873, 875 (Fla. 5th DCA 2002). Here, in finding that Shuttleworth did not have the minimum contacts necessary, based on the unique facts of the instant case, the trial court correctly distinguished this *709 court's opinion in Rogers & Wells v. Winston, 662 So.2d 1303 (Fla. 4th DCA 1995), and Robinson v. Giarmarco and Bill, P.C., 74 F.3d 253 (11th Cir.1996), on the basis that they related to non-resident defendants performing estate services outside of Florida for the Florida estate to be probated, whereas, the instant case related to a non-resident defendant creating a trust in another state for the purpose of conducting activity in that state. The latter case does not create the same kind of foreseeability, notwithstanding that the trustee is a resident of Florida.
In Winston, we held that "[e]ven if virtually all of the services provided by Rogers & Wells were performed in New York, because Rogers & Wells was employed to perform these services by an estate being probated in Florida, it was doing business in Florida and should have foreseen that it would be haled into a Florida court in the event of litigation over the services performed for the estate." 662 So.2d at 1303. Here, however, the trial court could, and did, conclude that it was not reasonably foreseeable that Shuttleworth would be involved in Florida litigation when the services it provided related exclusively to the Iowa property and when, as the trial court recognized, "the money in question was derived entirely from the trust property located in the state of Iowa."
The trial court correctly noted that a failure to deliver money within the state does not, standing alone, impose jurisdiction. Venetian Salami, 554 So.2d at 503. Here, Shuttleworth mailed a check to the trustee in the state of Florida, but failed to include the second trustee on the check. The trial court concluded, "[f]or purposes of long arm jurisdiction, this Court sees no distinction between the failure to pay money in Florida and the allegation of negligent payment of money to an improper party in Florida." We also decline to make such a distinction.
We uphold the trial court's conclusions and also affirm as to the other issues raised on appeal.
DAVIDSON, LISA, Associate Judge, concurs.
POLEN, C.J., dissents with opinion.
POLEN, C.J., dissenting.
I would reverse the order granting the appellees' motion to dismiss, as I believe appellant's complaint sets forth sufficient allegations, vis a vis appellee's alleged wrongful distribution of trust proceeds in Florida to bring appellees within Florida's long-arm jurisdiction. See Wendt v. Horowitz, 822 So.2d 1252, (Fla.2002), and Rogers & Wells v. Winston, 662 So.2d 1303 (Fla. 4th DCA 1995).