842 So.2d 190 (2003)
NORTHWESTERN AIRCRAFT CAPITAL CORPORATION, et al., Appellants,
v.
Anastasia T. STEWART, et al., Appellees.
No. 5D02-1583.
District Court of Appeal of Florida, Fifth District.
March 21, 2003.
*192 Donald L. O'Dell of Meier, Lengauer, Bonner, Muszynski & Doyle, P.A., Orlando for Appellants Northwestern Aircraft Capital Corporation and Jetwest International, L.L.C.
H. Gregory McNeill, Terry C. Young and Geoffrey B. di Mauro of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Appellees Anastasia Theresa Stewart, Debra Dawson Ardan and Dixie Leigh Johnston Fraley.
Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami and McKinney & Stringer, Oklahoma City, Oklahoma, for Appellees Donna Kling, Dr. Roberto Bellegarrigue and Irma Elena Bellegarrigue.
Adam Trachtenberg, Mark Hicks and Fleur J. Lobree of Hicks, Anderson & Kneale, P.A., Miami, for Appellees Kathryn Borland, Individually, and Kathryn Borland as Personal Representative of the Estate of Bruce E. Borland.
SAWAYA, J.
Northwestern Aircraft Capital Corporation and Jetwest International, L.L.C. (collectively referred to as the defendants) appeal the trial court's denial of their motion to dismiss for lack of jurisdiction that was filed in the underlying wrongful death action. The defendants argue that the trial court erred in denying their motion because the estates of the decedants (collectively referred to as the plaintiffs) failed to allege sufficient jurisdictional facts to bring the action within the ambit of Florida's long-arm statute and also failed to demonstrate sufficient minimum contacts to satisfy due process requirements. We affirm.

Factual and Procedural Background[1]
On October 25, 1999, four passengers and two pilots embarked upon a journey from which they would never return. Their fateful odyssey began when they boarded a charter jet at the Orlando International Airport bound for Dallas, Texas. After take-off and while the plane was still in Florida airspace, the cabin of the plane depressurized. The effect of this unfortunate event was that it deprived all of the occupants of oxygen and led to their demise. All radio contact with the plane ceased before it left Florida airspace. Although the plane was programmed for autopilot controlled flight, it deviated from its projected flight path, climbed through its assigned altitude limit, and meandered through airspace for several hours with its deceased occupants on board. When it finally exhausted its fuel supply, the plane crashed in South Dakota.
The plaintiffs filed a wrongful death action in Florida, asserting claims of negligence and strict liability and alleging that *193 the Florida court has personal jurisdiction over the defendants. The defendants filed a motion to dismiss on the ground that the Florida court did not have personal jurisdiction over them. The trial court denied the motion, finding that the plaintiffs established jurisdiction pursuant to sections 48.193(1)(f)1. and 48.193(2), Florida Statutes, and that because the defendants have minimum contacts with the state of Florida, all due process requirements had been satisfied. In order to determine whether the trial court erred, we will first address the general requirements that must be met in order to establish long-arm jurisdiction.

General Requirements For Long-Arm Jurisdiction
We must utilize the de novo standard of review when deciding whether a trial court properly denied a motion to dismiss for lack of personal jurisdiction. Wendt v. Horowitz, 822 So.2d 1252 (Fla. 2002). Two inquiries must be made when deciding whether a Florida court has personal jurisdiction over a nonresident:
First, the complaint must allege sufficient facts to bring the action within the ambit of one of the various jurisdictional criteria contained in Florida's long-arm statute found in section 48.193, Florida Statutes (2000). Second, if the complaint properly alleges long-arm jurisdiction, sufficient minimum contacts must be demonstrated that satisfy the requirements of federal due process.
Law Offices of Sybil Shainwald v. Barro, 817 So.2d 873, 875-76 (Fla. 5th DCA 2002) (citations omitted); see Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co. Ltd., 752 So.2d 582 (Fla.2000); Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989).
Resolution of the first issue requires statutory analysis of Florida's long-arm statute found in section 48.193, Florida Statutes, which bestows broad jurisdiction on Florida courts. Execu-Tech. In order to satisfy the first inquiry, it is permissible to plead the pertinent language of the statute in the complaint without specifically pleading the facts that support the statutory allegations. Fla. R. Civ. P. 1.070(h); Shainwald; see also Harris v. Shuttleworth & Ingersoll, P.C., 831 So.2d 706 (Fla. 4th DCA 2002). Section 48.193 provides two categories of personal jurisdiction: specific jurisdiction, conferred under section 48.193(1), and general jurisdiction, conferred under section 48.193(2). Christus St. Joseph's Health Sys. v. Witt Biomedical Corp., 805 So.2d 1050 (Fla. 5th DCA 2002).
The second issue involves constitutional analysis which is controlled by United States Supreme Court precedent interpreting the Due Process Clause. This analysis imposes a more restrictive requirement than the statutory analysis. Execu-Tech.
In Shainwald, this court discussed the procedure the parties must follow to properly raise and litigate the issue of personal jurisdiction under section 48.193:
A defendant from a foreign jurisdiction may contest jurisdiction by filing a motion to dismiss. The motion may challenge the jurisdictional allegations of the complaint and it may claim a lack of sufficient minimum contacts. Affidavits are generally necessary to support these challenges because the motion, by itself, only raises the legal sufficiency of the pleadings which is not an issue in these proceedings. The burden then shifts to the plaintiff to prove by affidavit or other sworn statement that jurisdiction is proper. If the affidavits can be harmonized, the trial court can make a decision based upon facts that are essentially undisputed. If the affidavits are in direct conflict and cannot be reconciled, then the trial court must hold a limited *194 evidentiary hearing to determine jurisdiction.
Shainwald, 817 So.2d at 876 (citations omitted). The parties followed this procedure in the instant case. The defendants' motion to dismiss challenges the jurisdictional allegations contained in the plaintiffs' complaint and alleges lack of sufficient minimum contacts. The defendants also submitted affidavits to support these challenges. The plaintiffs filed depositions containing sworn testimony of witnesses to show that jurisdiction is proper.
The parties agreed during oral argument that the affidavits and depositions can be harmonized and no direct conflict exists. Therefore, we will next determine whether the trial court erred in finding that the plaintiffs demonstrated a statutory basis for jurisdiction sufficient to satisfy the first inquiry. Because the plaintiffs allege that the Florida court has both specific and general jurisdiction, each category will be discussed.

Statutory Analysis: Resolution of the First Inquiry

Specific Jurisdiction
The plaintiffs in the instant case allege specific jurisdiction under section 48.193(1)(f)1., which provides:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
. . . .
(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
1. The defendant was engaged in solicitation or service activities within this state.
Although the term "arising from" does not mean proximately caused by, it does require direct affiliation, nexus, or substantial connection to exist between the basis for the plaintiffs' cause of action and the defendants' business activity in the state. Citicorp Ins. Brokers (Marine), Ltd. v. Charman, 635 So.2d 79 (Fla. 1st DCA 1994); see also Christus; deMco Techs., Inc. v. C.S. Engineered Castings, Inc., 769 So.2d 1128 (Fla. 3d DCA 2000). The complaint specifically alleges, and the depositions establish, that the defendants engaged in the following solicitation and service activities in Florida: 1) advertising and soliciting business in Florida through print advertising and the Internet; 2) offering aircraft for sale through various publications circulated in Florida; and 3) affirmatively holding themselves out as conducting charter flight operations and serving a client base in Florida. We conclude that the plaintiffs' complaint contains sufficient allegations relating to specific jurisdiction to bring the action within the ambit of the statute.

General Jurisdiction
General jurisdiction over a foreign defendant is conferred on Florida courts pursuant to section 48.193(2), Florida Statutes, which provides:
A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
Unlike the provisions of section 48.193(1), section 48.193(2) does not require a nexus between the cause of action and the defendants' contacts with the state. Nichols v. Paulucci, 652 So.2d 389 (Fla. 5th DCA *195 1995). The courts have interpreted the language "substantial and not isolated activity within the state" to mean that the defendant must be found to have maintained "continuous and systematic general business contacts" with the forum state. Woods v. Nova Cos. Belize Ltd., 739 So.2d 617 (Fla. 4th DCA 1999); Nichols (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). Thus, general jurisdiction requires a more rigorous showing than specific jurisdiction. Christus.
As to general jurisdiction, the plaintiffs' complaint alleges, and the depositions establish, that the defendants maintained the following continuous and systematic business contacts in Florida: 1) the defendants operated 116 charter flights into and out of Florida during the years 1998 through 2001; 2) the plane that caused the death of the decedents was flown on at least nine trips into and out of Florida during the period from April 1996 through July 1997; 3) the defendants have, and continue to conduct and derive revenue from, on-demand charter operations into and out of Florida carrying Florida residents into and out of the state; 4) the defendants conduct business involving the purchase of aircraft from sellers in Florida; 5) the defendants perform consulting services in Florida relating to the purchase and sale of aircraft; 6) the defendants entered into contracts in Florida for service and repair of aircraft involved with defendants' charter flight service; and 7) the defendants marketed, distributed, and sold aircraft replacement parts in Florida.[2] We conclude that these allegations are sufficient to bring the action within the ambit of the statute relating to general jurisdiction.
Consequently, Florida's long-arm statute gives the Florida courts jurisdiction over the defendants subject to any due process infirmities that may be revealed in our constitutional analysis.

Constitutional Analysis: Resolution of the Second Inquiry
The federal courts also divide personal jurisdiction into the categories of specific and general. Helicopteros. As to specific jurisdiction, the cause of action must arise out of, or be related to, the defendants' contacts with the state. Helicopteros; Glovegold Shipping, Ltd. v. Sveriges Angfartygs Assurans Forening, 791 So.2d 4 (Fla. 1st DCA 2000). This is not a requirement for general jurisdiction. Helicopteros; Glovegold Shipping.
A Florida court obtains specific personal jurisdiction over a nonresident if the nonresident maintains "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" Execu-Tech, 752 So.2d at 584 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)); see also Glovegold Shipping. Adequate minimum contacts are established if the court finds that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Glovegold Shipping, 791 So.2d at 11 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). The defendants must have purposefully availed themselves of the privilege of conducting activities within the forum state, thus invoking the benefits and *196 protections of the laws of that state. International Shoe.
The record in the instant case establishes that the defendants are in the charter airplane business. On some of these charters, the defendants flew into, out of, and within Florida when a client so requested. A plane that was in need of repair, maintenance, or refueling received these services in Florida when necessary. The defendants engaged in service activity in Florida by purchasing equipment and supplies and using runways and aviation facilities at eighteen different airports in Florida. The defendants advertised their services in national and international media, most notably The Wall Street Journal, and the defendants' website advertised "business jet transportation to a client base from Boston to Miami." Moreover, the flight log for the defendants' planes showed that between January 1998 and December 2001, the defendants operated charter flights that flew into, out of, or within the state of Florida on 116 different occasions.
We conclude that the defendants maintained sufficient minimum contacts with Florida to satisfy due process requirements and that a sufficient causal relation between the defendants' activities in Florida and the plaintiffs' cause of action has been established to confer specific jurisdiction on the Florida court. The defendants, through their activities, invoked the benefits and protections of the laws of Florida and, therefore, should have expected to be haled into court in Florida. Moreover, application of specific personal jurisdiction would not offend notions of fair play and justice because the flight originated in Orlando, the jet malfunctioned in Florida airspace causing the deaths of the decedents, and several of the decedents were Florida residents.
As to general jurisdiction, the due process requirement of minimum contacts is determined by application of the continuous and systematic contacts standard enunciated by the Court in Helicopteros. See Dean v. Johns, 789 So.2d 1072 (Fla. 1st DCA 2001); Woods. As we have previously indicated, section 48.193(2), which governs general jurisdiction, incorporates this high standard and, therefore, sufficient minimum contacts exist if we find that the requirements of the statute are met. Dean. As we have discussed, the defendants advertised in national media to expand their client base, which, according to their own website, extends from "Boston to Miami." In addition, the defendants formed numerous contracts in Florida, including: 1) the purchase of the jet that malfunctioned in the instant case as well as other jets; 2) the repair of the jet involved in the incident in the instant case immediately after purchase; 3) the aerial transport of Florida residents into, out of, and within the state; and 4) the refueling, maintenance, and repair of their planes in Florida. We conclude that the requirements of section 48.193(2) have been met so that the Florida court has general jurisdiction over the defendants.

Conclusion
The complaint filed by the plaintiffs alleges sufficient facts to bring the action within the ambit of section 48.193 and sufficient minimum contacts have been established to satisfy the requirements of due process. We conclude that trial court has both general and specific jurisdiction over the defendants. Therefore, we affirm the trial court's order denying the defendant's motion to dismiss.
AFFIRMED.
SHARP, W. and ORFINGER, JJ., concur.
NOTES
[1] Because we review a motion to dismiss for lack of personal jurisdiction, we obtain the facts from the affidavits, transcripts and records submitted by the parties in support of, and in opposition to, the motion. Wendt v. Horowitz, 822 So.2d 1252 (Fla.2002); Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989).
[2] The fact "that some of these business contacts took place after the accident in this case... is not dispositive. `[C]ontacts are commonly assessed over a period of years prior to the plaintiff's filing of the complaint.'" Woods v. Nova Cos. Belize Ltd., 739 So.2d 617, 621 (Fla. 4th DCA 1999) (emphasis in original) (quoting Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 569 (2d Cir.1996)) (citations omitted).