902 So.2d 196 (2005)
Joseph MASCHINO and Robert Maschino, Appellants,
v.
VAL-PAK DIRECT MARKETING SYSTEMS, INC., a Delaware corporation, Appellee.
No. 2D04-2363.
District Court of Appeal of Florida, Second District.
April 8, 2005.
Rehearing Denied June 1, 2005.
Ira E. Hoffman of The Goldstein Law Group, P.C., Washington, D.C., for Appellants.
Philip V. Martino, Christian C. Burden, and E. Colin Thompson of Piper Rudnick LLP, Tampa, for Appellee.
VILLANTI, Judge.
The Maschinos, New York residents and franchisees of Val-Pak, a Delaware corporation located in Florida, challenge an order granting a temporary injunction that compels them to arbitrate a dispute with another of Val-Pak's franchisees, who are not parties to this litigation. We reverse.
Val-Pak is a franchisor of a direct-mail advertising business located in Florida. It requires its franchisees, including the Maschinos, to submit to a dispute resolution procedure (the "Intermarket Sales Policy"). This Intermarket Sales Policy is *197 part of the franchise agreement and provides a procedure for resolution of disputes regarding sales of advertisements between franchisees in competing territories. Under the Intermarket Sales Policy, any such disputes must be submitted to Val-Pak for resolution. Once a complaint is submitted, Val-Pak is required to appoint a three-member dispute resolution team, including Val-Pak's vice-president of franchise operations and two other "disinterested" panel members to "mediate" the dispute. Any decision of this team is binding, but the decision may be appealed to the vice-president, whose decision is final. Failure to follow this procedure is a breach of the franchise agreement. Val-Pak contends this agreement is a binding arbitration agreement.
When a dispute arose between the Maschinos and a competitor franchisee in a neighboring territory, the Maschinos submitted their complaint to Val-Pak, as required by the Intermarket Sales Policy. The competitor franchisee also submitted a complaint. Val-Pak chose to forego the procedures of the Intermarket Sales Policy, and instead the vice-president issued a memorandum decision without the input of two "disinterested" panel members.
The memorandum decision was adverse in part to the Maschinos, and the Maschinos brought suit in federal court against the competitor franchisee. Val-Pak was not a party to that suit. Val-Pak then sued the Maschinos in the Pinellas County Circuit Court, seeking confirmation of the "arbitration award," i.e., the memorandum decision, and to compel the Maschinos to arbitrate their claim. It filed an amended complaint seeking to enjoin the Maschinos from pursuing their federal court claims against the competitor franchisee. The Maschinos filed a motion to dismiss, arguing the merits of the temporary injunction and also contesting personal jurisdiction. The circuit court denied the motion to dismiss and entered the temporary injunction compelling arbitration; it specifically refused, however, to enjoin the federal lawsuits from proceeding. This appeal followed.
The parties have extensively briefed the issue of whether the dispute resolution procedures outlined in the Intermarket Sales Policy constitute an arbitration clause. We do not find it necessary, however, to reach that issue. The trial court's order must be reversed for two reasons: first, it lacked personal jurisdiction over the Maschinos, and second, the Maschinos have already submitted to the dispute resolution procedures the trial court's order compels them to follow.
We turn first to the trial court's jurisdiction over the Maschinos, which the Maschinos contested in their motion to dismiss. The purported basis for personal jurisdiction over the Maschinos is the forum selection clause in the franchise agreement. In Florida, the mere execution of a forum selection clause is insufficient to confer long-arm jurisdiction over out-of-state defendants. McRae v. J.D./M.D., Inc., 511 So.2d 540, 541 (Fla.1987). There must be an independent basis for conferring long-arm jurisdiction. Vacation Ventures, Inc. v. Holiday Promotions, Inc., 687 So.2d 286, 290 (Fla. 5th DCA 1997). Normally, a complaint seeking to invoke long-arm jurisdiction would allege personal jurisdiction, and if jurisdiction is disputed, the defendant would provide affidavit support of its contention that jurisdiction is improper. Law Offices of Sybil Shainwald v. Barro, 817 So.2d 873, 876 (Fla. 5th DCA 2002).
Here, the Maschinos objected to jurisdiction in their motion to dismiss but did not attach affidavit support; if Val-Pak had properly alleged long-arm jurisdiction, the Maschinos' objection, alone, would be *198 insufficient to refute Val-Pak's assertion of personal jurisdiction. However, an examination of the petition and complaint reveals that the allegation of personal jurisdiction is facially insufficient. It reads:
Venue is proper in this Circuit pursuant to [section] 682.[19, Florida Statutes (2003),] because Respondents do not reside in the State of Florida, pursuant to 9 U.S.C. § 9 because the arbitration award was made in Largo, Florida, and because the Respondents' respective franchise agreements, as hereinafter alleged, provide for the exclusive venue of the United States District Court for the Middle District of Florida or the Courts of Pinellas County, Florida[,] in the event the District Court would not have jurisdiction.
This paragraph is about venue, not jurisdiction. In fact, the only time the word "jurisdiction" is used is in reference to when the proper venue would be the state court as opposed to federal court. Because Val-Pak alleged no facts that would bring the Maschinos within the jurisdiction of the trial court, the allegation of jurisdiction is facially insufficient and the trial court should have dismissed the matter.
Even if jurisdiction were proper, however, we would still reverse because the trial court's order compels the Maschinos to do something they already did. Although Val-Pak sought confirmation of the "arbitration" award and to enjoin the Maschinos' lawsuits against the competitor franchisee, the trial court ordered only that the Maschinos submit to arbitration, something the Maschinos have already done, inasmuch as they have submitted their claims to Val-Pak for resolution. The only procedure the Maschinos did not follow, that they had control over, was allowing the vice-president's decision to be final; in other words, the finality of that decision was vitiated by the Maschinos' federal lawsuit. When the Maschinos sued the competitor franchisee, Val-Pak declared a breach of the franchise agreement. The appropriate remedy for that breach, however, is not to give the parties a "do-over" in the form of a temporary injunction. Instead, Val-Pak can sue for breach of contract or intervene in the federal action. We therefore reverse the order compelling the Maschinos to submit to the arbitration procedures and remand with instructions that the trial court dismiss the suit.
Reversed and remanded.
WHATLEY and NORTHCUTT, JJ., Concur.