806 So.2d 625 (2002)
Kenneth FRIEDMAN, M.D., Petitioner,
v.
HEART INSTITUTE OF PORT ST. LUCIE, INC., a Florida corporation, Raytel Medical Corp., a Delaware corporation, and David Wertheimer, Respondents.
No. 4D01-3526.
District Court of Appeal of Florida, Fourth District.
February 6, 2002.
*626 Robert W. Wilkins of Berrocal & Wilkins, P.A., Jupiter, David B.B. Helfrey and Philip C. Graham of Helfrey, Simon & Jones, P.C., of St. Louis, Missouri, and Danielle Victor Laguerre, Stuart, for petitioner.
Andrew C. Hall and Adam J. Lamb of Hall, David and Joseph, P.A., Miami, and Steven Navaretta of Navaretta & Navaretta, P.A., Port St. Lucie, for respondents.
KLEIN, J.
Petitioner seeks certiorari review of an order denying his motion to stay a claim which seeks to set aside a fraudulent transfer. He argues that the plaintiff, who does not yet have a judgment against him, should not be able to proceed on the fraudulent transfer claim until a judgment is obtained. We deny the petition.
Petitioner, a physician, was employed by the respondent hospital, and after the employment was terminated the hospital sued the physician seeking both damages and injunctive relief. The hospital was permitted to amend the complaint to include an additional count alleging that the physician violated Chapter 726, Florida Statutes, the "Uniform Fraudulent Transfer Act." In this count, the hospital alleged that, in order to make himself judgment proof, the physician had fraudulently transferred over $400,000 to his fiancée, who was added as a party.
The physician then moved to stay the fraudulent transfer claim until the hospital obtained a judgment on its claim for damages. The trial court denied the motion for stay, and the physician seeks certiorari review under the authority of REWJB Gas Investments v. Land O'Sun Realty, 643 So.2d 1107 (Fla. 4th DCA 1994) (stay orders reviewable by certiorari).
The physician relies on Rosen v. Zoberg, 680 So.2d 1050 (Fla. 3d DCA 1996) in which the trial court denied a motion to stay a fraudulent transfer claim brought under the Act until the outcome of the underlying claim for damages was known. The third district reversed, holding that the trial court abused its discretion in denying the stay because allowing both claims to proceed at the same time would be a waste of judicial resources.
In order to proceed under the Fraudulent Transfer Act it is not necessary that the creditor have a judgment. Cook v. Pompano Shopper, Inc., 582 So.2d 37 (Fla. 4th DCA 1991). A "creditor" under the Act is a "person who has a claim." § 726.102(4), Fla. Stat. (1999). A "claim" on which a creditor can proceed can be "unliquidated, ... contingent, ... unmatured." § 726.102(3), Fla. Stat. (1999). The physician recognizes that it is unnecessary for the hospital to have a judgment in order to seek relief against the transferee, but argues that the claim should be stayed as in Rosen.
In section 726.108 the Act authorizes the court to grant a creditor broad relief against the transferee of a fraudulent transfer, including an injunction against *627 further disposition of the asset or the appointment of a receiver to take charge of the asset. A stay of the fraudulent transfer proceedings would preclude the trial court from granting relief under section 726.108 pending the outcome of the claim for damages. We therefore conclude that the trial court did not abuse its discretion in denying the stay and deny certiorari.
TAYLOR and MAY, JJ., concur.