821 So.2d 408 (2002)
John KORMAN and Sheldon Shore, Appellants,
v.
Stephen S. KENT, and Woodburn & Wedge, Chartered, a Nevada professional association, Appellees.
No. 4D01-1481.
District Court of Appeal of Florida, Fourth District.
July 17, 2002.
*409 Jeff Barnes of W.J. Barnes, P.A., Fort Lauderdale, for appellant.
Erin Gaskin of Peterson & Bernard, Fort Lauderdale, for appellees.
FARMER, J.
We affirm the trial court's order finding no personal jurisdiction over these non-resident defendants. Plaintiffs are Florida residents who have sued defendants for malicious prosecution based on *410 the filing and prosecution of an action in the federal district court in Nevada against them for breach of contract and alleged RICO violations. The Nevada lawsuit ended in a summary judgment in plaintiffs' favor. As a result they brought this malicious prosecution suit in Florida.
Both defendants are residents of Nevada where they have their office. They are a Nevada attorney and the law firm who initiated and maintained the Nevada lawsuit against plaintiffs, allegedly even after they knew that plaintiffs were not involved in the matters about which defendants were complaining in the Nevada action. The action against these nonresident defendants in Florida is based on the allegation that, in continuing the Nevada lawsuit after they knew that plaintiffs were not liable, they committed a tortious act within Florida. See § 48.193(1)(b), Fla. Stat. (2001) ("Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself...to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts...committing a tortious act within this state."). We review orders dismissing parties for lack of personal jurisdiction de novo. See Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.), cert. denied, 531 U.S. 818, 121 S.Ct. 58, 148 L.Ed.2d 25 (2000).
In Wendt v. Horowitz, 822 So.2d 1252, 1259 (Fla.2002), the supreme court explicitly rejected the notion that section 48.193(1)(b) necessarily requires that the nonresident actor be physically present within Florida in order to be subject to our jurisdiction for committing a tortious act here. The statute also encompasses conduct where the defendant acts outside Florida to directly cause injury or damage a person within this state. An example is uttering a defamatory falsehood in a foreign state and causing it to be published here to the detriment of the plaintiff. See Wendt, 822 So.2d at 1259; Acquadro v. Bergeron, 778 So.2d 1034 (Fla. 4th DCA 2001) (holding that defamatory telephone call from outside Florida was tortious act subjecting a nonresident to personal jurisdiction).
Nevertheless we do not think that these cases offer any basis for jurisdiction over the nonresident defendants in this case. We conceive that generally the malicious prosecution of a legal action takes place where the action is maliciously filed or maintained. The fact that a Florida resident who could be sued in another state derives a malicious prosecution cause of action from being sued in that other state does not yield the conclusion that the tort was committed in Florida simply because the person resides here.
The gist of the malicious prosecution action lies in the act of being sued without probable cause to be sued. The cause of action is complete upon the instant that the person was dragged or kept in the court where the maliciously brought or maintained action was pending. The mere fact that the aggrieved party brings his distress and economic consequences with him when he returns from defending in that distant state back to Florida does not extend the tort to being committed in Florida.
We distinguish the kind of torts committed in Wendt and Acquadro. In those cases the defamatory falsehoods, though uttered initially outside this state, were in fact published here. The gist of the action for defamatory falsehood lies in the publication of the falsehood, not in the *411 mere making of it. In Execu-Tech, the action involved a conspiracy to fix prices in Floridaan act which, though done elsewhere, had its consequences only in Florida. On the other hand, the essence of the tort for malicious prosecution comes into being when the suit is brought or maintained maliciously and that first occurs where the suit is brought or maintained.
To hold otherwise is to read a considerable addition into the simple phrase "commits a tortious act within Florida." If the Legislature intended for this provision to encompass all tortious acts which were complete outside Florida but ultimately have consequences here only because a Florida resident suffers damages, we believe it would be incumbent on the Legislature to make that statutory purpose clear in the plainest of language.[1] Because we do not yet discern such a purpose, we limit the statutory provision to its plain and obvious meaning.
AFFIRMED.
WARNER and GROSS, JJ., concur.
NOTES
[1] We of course express no opinion as to the validity, meaning or enforceability of any such statutory provision if actually adopted by the Legislature.