POLEN, J.
 

 Appellant, Stanley Hirsch, appeals the trial court’s non-final order denying his motion to dismiss Appellee, Melvin Weitz’s, action for lack of personal jurisdiction. This court has jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(i). We reverse.
 

 In the underlying lawsuit, Weitz brought an action against Hirsch, an attorney and New York resident, and Stanley Hirsch, P.C., a New York law firm, for alleged
 
 *149
 
 legal malpractice.
 
 [1]
 
 Weitz claims in his complaint that Hirseh represented him in his divorce from his former wife and negotiated the marital settlement agreement. The settlement agreement provided that the parties’ rights and obligations under the agreement would be construed according to the laws of New York. The settlement agreement was incorporated in the final judgment of divorce entered by a New York court.
 

 Pursuant to the terms of the settlement agreement, Weitz’s grocery store chain, Melmarkets, Inc., located primarily in Nassau County, New York, was to be sold for $87,500,000. Weitz’s former wife was to receive 55.7% of the shares of stock in Melmarkets, Inc., and following the closing of the sale, was to receive 55.7% of the gross proceeds from the sale. On October 10,1995, a New York attorney not involved in the current action sent a letter to the attorney for Weitz’s former spouse, informing him that the purchase price for Melmarkets, Inc. was being reduced by $2 million, and that the total number of shares allocated to the former wife was going to be increased in order to ensure that the total amount of consideration she was to be paid under the settlement agreement would not change.
 

 Weitz alleges that at all times prior to the execution and adoption of the settlement agreement, he informed Hirseh that it was his “intention and assumption that he and his former wife ... were to receive their respective share of the proceeds of Melmarkets, Inc. after all closing costs, adjustments, and other related deductions were taken from the original sales price of $87,500,000.” Weitz’s former wife ultimately sued him in New York court and was awarded a judgment in the amount of $4,246,859.00 plus interest — the difference between what Weitz had paid her from the Melmarkets, Inc. sale proceeds and what she claimed she was owed under the settlement agreement.
 

 Weitz’s former wife filed a domestication action in Palm Beach County, Florida in January 2007. In February 2007, a writ of garnishment was entered and served upon Weitz’s bank account held at a Bank of America branch located in West Palm Beach. Weitz claims that Hirseh was negligent in failing to incorporate language into the settlement agreement which would ensure that Weitz and his former wife received their respective shares after closing costs and other reasonable deductions were made from the sales price.
 

 Hirseh filed a motion to dismiss Weitz’s action for lack of personal jurisdiction. In support thereof, Hirseh filed an affidavit in which he stated:
 

 (1) At all times pertinent to his representation of Weitz, Hirseh acted as a New York matrimonial lawyer and all acts regarding such representation took place in New York;
 

 (2) Hirsch’s participation in the negotiation and drafting of the settlement agreement took place in New York;
 

 (3) Weitz and his former wife signed the settlement agreement in New York;
 

 (4) the settlement agreement was modified by an October 10, 1995 letter, negotiations for which took place in New York;
 

 (5) Hirseh did not participate in the negotiations or drafting of said letter;
 

 (6) Hirseh has no office or business location in Florida;
 

 
 *150
 
 (7) Hirsch has never conducted business activities in Florida;
 

 (8) Hirsch has never actively practiced law in Florida;
 

 (9) Hirsch never traveled to Florida in conjunction with his representation of Weitz in the present case.
 

 Weitz also filed an affidavit in which, in addition to the facts alleged in his complaint, he stated:
 

 (1) Weitz moved to Florida before entering into the settlement agreement;
 

 (2) the settlement agreement lists Florida addresses for both himself and his former wife;
 

 (3) all notices or other necessary documents were to be sent to Weitz in Florida;
 

 (4) Hirsch telephoned and wrote to Weitz while Weitz was in Florida for the purpose of continuing the attorney-client relationship and the subject divorce proceedings;
 

 (5) Hirsch participated in the October 10, 1995 modification of the settlement agreement;
 

 (6) Weitz paid Hirsch from Florida;
 

 (7) The negligent advice and counsel was provided by Hirsch while Weitz was in Florida.
 

 Following a hearing, the trial court denied Hirsch’s motion to dismiss. Hirsch now timely appeals.
 

 An order determining a motion to dismiss for lack of personal jurisdiction is subject to
 
 de novo
 
 review.
 
 Wendt v. Horowitz,
 
 822 So.2d 1252 (Fla.2002). To evaluate personal jurisdiction over a nonresident defendant, a court must engage in a two-part analysis.
 
 Renaissance Health Pub’ing, LLC v. Resveratrol Partner,
 
 982 So.2d 739, 741 (Fla. 4th DCA 2008) (citing
 
 Venetian Salami Co. v. Parthenais, 554
 
 So.2d 499, 502 (Fla.1989)). First, the facts of the underlying action must bring it within the ambit of the Florida long arm statute.
 
 Id.
 
 Second, the defendant must have sufficient “minimum contacts” with Florida such that due process requirements are satisfied.
 
 Id.
 
 Due process is satisfied where the foreign defendant would reasonably anticipate being haled into court in Florida.
 
 Id.
 
 at 742. Both prongs must be satisfied for a Florida court to properly exercise personal jurisdiction.
 
 Id.
 
 at 741.
 

 Weitz argued below and maintains on appeal that Hirsch is subject to personal jurisdiction in Florida pursuant to section 48.193(l)(b), which provides:
 

 (1) Any person, whether or not a citizen
 
 or
 
 resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
 

 [[Image here]]
 

 (b) Committing a tortious act within this state.
 

 [[Image here]]
 

 Hirsch argues that there is no statutory basis for jurisdiction in the present case because he performed all of the necessary legal work in New York.
 

 Weitz likens the present case to
 
 Dean v. Johns,
 
 789 So.2d 1072 (Fla. 1st DCA 2001). There, Dean brought a medical malpractice action against an Alabama doctor in Florida for his failure to order an MRI which would have revealed a tumor in Dean’s spine and for his recommendation of unnecessary surgery which Dean underwent. Dean’s Florida physician had referred her to the Alabama doctor and continued to consult with the Alabama doctor throughout Dean’s treatment.
 
 Id.
 
 at 1075.
 
 *151
 
 The First District reiterated that to determine whether a tort accrues in Florida, a court must decide (1) whether the defendant engaged in acts which injured the plaintiff in Florida, and (2) whether plaintiff stated a cause of action in tort arising in substantial -part from those acts.
 
 Id.
 
 at 1077 (citing
 
 Walter Lorenz Surgical, Inc. v. Teague,
 
 721 So.2d 358, 360 (Fla. 1st DCA 1998)). The court held that the medical malpractice alleged by Dean occurred in Florida because she underwent the unnecessary surgery in Florida and her injuries from the misdiagnosed spinal tumor were suffered in Florida. Also, the Alabama doctor directed phone calls and reports into the State of Florida for the purpose of treating Dean.
 
 Id.
 

 The present case is distinguishable from
 
 Dean.
 
 Hirsch’s actions which Weitz alleges constitute legal malpractice occurred primarily in New York for the purpose of finalizing a New York divorce which necessarily involved selling Weitz’s New York business. Specifically, Weitz alleges that Hirsch was negligent for failing to ensure that the language of the settlement agreement and final judgment of divorce protected his legal interests by requiring that he and his former wife received their respective share of the proceeds from the sale of Melmarkets, Inc. after all closing costs, adjustments and other deductions were taken from the gross sale proceeds. The necessary legal work was performed in New York by Hirsch, a New York lawyer, and the settlement agreement and final judgment of divorce were entered by a New York court. Weitz’s former wife brought an action against Weitz in New York to collect the difference between what Weitz had paid her and what she claimed she was owed under the settlement agreement, and a New York court entered a money judgment in her favor. Weitz’s former wife subsequently brought a domestication action in Palm Beach County, and a Florida court ultimately issued two writs of garnishment against Weitz.
 

 The alleged acts of legal malpractice in the present case did not cause Weitz to be injured in Florida. Weitz’s injury was sustained, if at all, in New York when the New York court entered a judgment against him. Thus, the tort of legal malpractice accrued, if at all, in New York, and a Florida court cannot properly exercise jurisdiction over Hirsch.
 

 Though Weitz maintains that the legal advice was given to him via communications into the state of Florida where he was living, and that those communications gave rise to the tort of legal malpractice, Weitz is reading
 
 Dean
 
 too broadly. Under this analysis, virtually any lawyer who communicated with a Florida resident regarding legal advice could be sued for legal malpractice in Florida. In
 
 Korman v. Kent,
 
 821 So.2d 408, 411 (Fla. 4th DCA 2002), this court held there was no personal jurisdiction over Nevada defendants where those defendants had sued Florida residents in federal district court in Nevada and the Florida residents subsequently brought a malicious prosecution action in Florida against them.
 
 Id.
 
 at 410. There, we explained:
 

 To hold otherwise is to read a considerable addition into the simple phrase “commits a tortious act within Florida.” If the Legislature intended for this provision to encompass all tortious acts which were complete outside Florida but ultimately have consequences here only because a Florida resident suffers damages, we believe it would be incumbent on the Legislature to make that statutory purpose clear in the plainest of language.
 

 Id.
 
 at 411.
 

 Weitz also suggests on appeal that the trial court could have found that it had
 
 *152
 
 jurisdiction over Hirsch under section 48.193(l)(g) which provides for jurisdiction over a foreign defendant who breaches “a contract in this state by failing to perform acts required by the contract to be performed in this state.” The plain meaning of this statutory provision does not support Weitz’s argument. There is no evidence that the acts required to be performed by the retainer agreement between Weitz and Hirsch were to be performed in Florida. The mere fact that Weitz moved to Florida while his New York divorce was pending and Hirsch continued to work as his lawyer does not bring Hirsch within this provision of the long-arm statute.
 

 Because Hirsch’s actions do not come within the ambit of Florida’s long-arm statute, a discussion of whether his contacts with Florida satisfy due process requirements is unnecessary. The trial court erred in denying Hirsch’s motion to dismiss for lack of personal jurisdiction.
 

 Reversed and remanded for entry of a Final Judgment of Dismissal.
 

 STEVENSON and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . The trial court granted Hirsch's motion to dismiss for lack of personal jurisdiction as to Stanley Hirseh, P.C.