STEVENSON, J.
David Allen Edwards (“Edwards”) appeals a non-final order denying his motion to dismiss for lack of personal jurisdiction a complaint filed against' him under the Uniform Fraudulent Transfers Act, Chapter 726, Florida Statutes (2018). Because we find that an alleged fraudulent transfer is not a “tortious act” under Florida’s long-arm statute, and because there were no allegations specifying where the fraudulent transfer occurred, we reverse.
Facts
In 2008, Airline Support Group, Inc. (“ASG”), filed a complaint against DAE Industries, Inc. (“DAE1”), and DAE Holdings, LLC (“DAE2”). ASG is a Florida corporation, DAE1 is an Indiana corporation, and DAE2 is a Kentucky corporation. Edwards is an Indiana resident.
The underlying lawsuit concerned the sale and transfer of property jointly owned by ASG and DAE1. As alleged by ASG, DAE1 and ASG worked together to lease and sell airline ground support equipment. This arrangement started in 1996 and continued until 2008, when DAE1 sold, without notification to ASG, its interest, holdings and substantially all of its assets to DAE2. The sale purportedly, left DAE1 insolvent and unable to pay debts owed to ASG.
In 2010, the trial court entered an order preventing ASG, DAE1 or DAE2 from selling or leasing specific jointly-owned property. Then, in March of- 2012, ASG filed a third amended complaint. This amended complaint added Edwards as a defendant, and included a count brought solely against Edwards. ASG alleged that Edwards was an “affiliate” and “insider” of DAE1 as defined in section 726.102, Florida Statutes (2013), and that Edwards has *1211 “received or is in the process of receiving distribution of sale proceeds resulting from the transfers of assets of DAE1.” Edwards filed a motion to dismiss for lack of personal jurisdiction and to dismiss Count IV of ASG’s third amended complaint. The trial court denied this motion, and this appeal followed.

The Uniform Fraudulent Transfers Act

Pursuant to section 726.108, Florida Statutes (2013), ASG brought an action for avoidance of a fraudulent transfer against Edwards.[1] In general, actions under section 726.108 are brought against a recipient or transferee of assets or property, and not a transferor (ASG alleges Edwards was both a transferee and transfer- or). See Friedman v. Heart Inst, of Port St. Lucie, Inc., 863 So.2d 189, 191 (Fla. 2003) (“Tn section 726.108[,] the Act authorizes the court to grant a creditor broad relief against the transferee of a fraudulent transfer, including an injunction against further disposition of the asset or the appointment of a receiver to take charge of the asset.’ ”) (quoting Friedman v. Heart Inst, of Port St. Lucie, Inc., 806 So.2d 625, 626-27 (Fla. 4th DCA 2002)) (emphasis added). Therefore, even if Edwards was both a transferor and transferee, the only actions relevant to an analysis of whether Florida’s long-arm statute applies are those actions related to Edwards’s role as a transferee.

Analysis

The standard of review of a trial court’s ruling on a motion to dismiss for lack of personal jurisdiction is de novo. Wendt v. Horowitz, 822 So.2d 1252, 1256 (Fla.2002). To obtain personal jurisdiction over a non-resident defendant, a plaintiff must satisfy the two-step inquiry laid out in Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). First, a plaintiffs complaint must “ ‘allege[ ] sufficient jurisdictional facts to bring the action within the ambit of the statute.’” Id. at 502 (quoting Unger v. Publisher Entry Serv., Inc., 513 So.2d 674, 675 (Fla. 5th DCA 1987)). If the first step is met, “ ‘the next inquiry is whether sufficient ‘minimum contacts’ are demonstrated to satisfy due process requirements.’ ” Id.
At issue here is the first inquiry-whether ASG’s third amended complaint alleged sufficient jurisdictional facts, as it relates to Edwards, to establish either general or specific jurisdiction over Edwards. Our main focus is on whether an alleged fraudulent transfer, giving rise to a claim under section 726.108, is a “tortious act” under section 48.193(l)(a)2., Florida Statutes (2013). When faced with the same determination, the third and fifth districts each found that a fraudulent transfer is not a tortious act for purposes of Florida’s long-arm statute. See Brown v. Nova Info. Sys., Inc., 903 So.2d 968, 969 *1212 (Fla. 5th DCA 2005); Beta Real Corp. v. Graham, 839 So.2d 890, 891-92 (Fla. 3d DCA 2003). Moreover, this court previously noted that the majority of courts nationwide have found a fraudulent transfer does not constitute a tortious act for purposes of Florida’s long-arm statute. Dinn v. Haynes, 705 So.2d 686, 687 n. 1 (Fla. 4th DCA 1998).
We agree with these authorities. A fraudulent transfer is not a “tortious act” because section 726.108 does not “speak in terms of ‘liability’ for a wrongful act or in terms of ‘money damages.’ ” Cf. Branch v. F.D.I.C., 825 F.Supp. 384, 419 (D.Mass. 1993) (noting that the legislative theory for similar claims of fraudulent conveyances under the Bankruptcy Code is “ ‘cancellation, not the creation of liability for the consequences of a wrongful act’ ”) (quoting Robinson v. Watts Detective Agency, Inc., 685 F.2d 729, 738 (1st Cir.1982)). Instead, section 726.108 is more “in the nature of contract,” as it allows a creditor to avoid a transfer or allows a court to appoint a receiver to take charge of the property transferred. F.D.I.C. v. S. Prawer & Co., 829 F.Supp. 453, 455 (D.Me.1993); see Branch, 825 F.Supp. at 419 (“ ‘The [Bankruptcy Code] carefully speaks of conveyances of property as being ‘null and void,’ and authorizes suit by the trustee to ‘reclaim and recover such property or collect its value.’ ”) (quoting Robinson, 685 F.2d at 738). Because a person is not “liable” for receipt of a fraudulent transfer under section 726.108, we hold a fraudulent transfer is not a “tortious act” under Florida’s long-arm statute.
In addition, the allegations contained in ASG’s third amended complaint failed to specify where the alleged fraudulent transfer occurred. To properly allege a basis for specific jurisdiction, the plaintiff must allege that the defendant committed “a tortious act within this state.” § 48.193(l)(a)2., Fla. Stat. (2013) (emphasis added). ASG’s third amended complaint lacks any allegation about whether Edwards was transferred any property while in Florida or whether he received any property that was located in Florida. See Blumberg v. Steve Weiss & Co., 922 So.2d 361, 364 (Fla. 3d DCA 2006) (“While a defendant’s physical presence in the state is not required, it is not, however, enough that the actions of a defendant committed outside of Florida ultimately have consequences in Florida. Instead, [the defendant’s] actions must directly cause injury or damage within the state.”) (citing Korman v. Kent, 821 So.2d 408, 410-11 (Fla. 4th DCA 2002)). If anything, it appears Edwards received the monetary proceeds while in Indiana. ASG’s failure to specifically mention where the transfer occurred prevents us from determining whether any act was committed within this state.
Accordingly, we reverse the trial court’s order denying appellant’s motion to dismiss for lack of personal jurisdiction.

Reversed.

TAYLOR and CONNER, JJ., concur.

.Section 726.108 provides:
(1) In an action for relief against a transfer or obligation under ss. 726.101-726.112, a creditor, subject to the limitations in s. 726.109 may obtain:
(a) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor’s claim;
(b) An attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with applicable law;
(c) Subject to applicable principles of equity and in accordance with applicable rules of civil procedure:
1. An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;
2. Appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or
3. Any other relief the circumstances may require.
(2) If a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court so orders, may levy execution on the asset transferred or its proceeds.