[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13503

Non-Argument Calendar

_____

JOHN DOE (V.H.),

as parent and natural guardian of T.H., a minor,

                                                    Plaintiff-Appellant,

*versus*

HYATT HOTELS CORPORATION,
d.b.a. Hyatt Corporation,
GRAND HYATT BAHA MAR,
CTF BM OPERATIONS LTD.,
d.b.a. Baha Mar,
HYATT CORPORATION,
HYATT SERVICES CARIBBEAN,
d.b.a. Grand Hyatt Baha Mar Resort, et al.,

2                    Opinion of the Court                    23-13503

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-20923-JLK

_____

Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant John Doe (V.H.) appeals the dismissal of his amended complaint against Hyatt Corp. (HC), Hyatt Services Caribbean, LLC (HSC) (together, Hyatt), and CTF BM Operations Ltd.[1]  V.H. brought this complaint in 2022 on behalf of his then-minor daughter, T.H.,[2] who he alleges was sexually assaulted by a non-party while the family were guests at the Grant Hyatt Baha Mar Resort in the Bahamas.  CTF, a Bahamian corporation, owns the hotel, while Hyatt, incorporated in Delaware with its principal place of business in Illinois, operates the hotel.  Appellants asserted premises liability and several negligence claims, filing suit in the

---

[1] The amended complaint also names Hyatt Hotels Corporation and Sky Warrior Bahamas Ltd. as Defendants, but V.H. withdraws claims against these entities on appeal.  As a result, we grant V.H.'s unopposed Voluntary Dismissal Against Two of the Five Appellees.

[2] T.H. is now 18, and V.H. has moved to substitute her as party appellant.  We grant this unopposed motion, and refer to the party as "Appellants."

U.S. District Court for the Southern District of Florida, Miami Division. After jurisdictional discovery, Hyatt and CTF each moved to dismiss for lack of personal jurisdiction. The district court granted both motions, dismissing the complaint with prejudice. Appellants timely appeal. After careful review, we affirm.

We review the district court's dismissal for lack of personal jurisdiction de novo. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). We first consider whether Florida's long-arm statute, Florida Statute § 48.193, provides a basis for personal jurisdiction, and if so, we proceed to a due process analysis. *Id.* The reach of Florida's long-arm statute is a question of state law, and we apply the statute as would a Florida court. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013).

Florida's long-arm statute recognizes both general and specific jurisdiction over non-resident defendants. *See* Fla. Stat. § 48.193(1)–(2). As relevant here, it provides that non-residents submit themselves to jurisdiction in Florida by "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." *Id.* § 48.193(1)(a)(1). Florida courts have interpreted specific jurisdiction under Florida Statute § 48.193(1)(a)(1) to require "connexity," or "a causal connection between the defendant's activities in Florida and the plaintiff's cause of action." *Canale v. Rubin*, 20 So. 3d 463, 466 (Fla. 2d DCA 2009). Connexity requires a "direct affiliation, nexus, or substantial connection to exist between the basis for the cause of action and the business activity." *Citicorp Ins. Brokers*

*(Marine), Ltd. v. Charman*, 635 So. 2d 79, 82 (Fla. 1st DCA 1994) (internal quotation omitted).  Without connexity, a defendant's business activity in Florida is "irrelevant."  *Banco de los Trabajadores v. Moreno*, 237 So. 3d 1127, 1137 (Fla. 3d DCA 2018) (per curiam).

Appellants argue that there is a sufficient connection between their claims against Hyatt and CTF to satisfy specific jurisdiction under Florida Statute § 48.193(1)(a)(1).  HSC manages the hotel, and two of its three officers live in and work from Florida, so Appellants argue that it is "a *de facto* Florida entity."  And because HSC is HC's wholly owned subsidiary, and HC uses HSC to manage the hotel, Appellants insist that HC also submits itself to jurisdiction in the state.  Appellants also argue that CTF manages and operates the hotel from Florida because several of its managing officers are Florida residents.  But these connections to Florida are not causally connected to Appellants' claims.  *See Canale*, 20 So. 3d at 466.

In another case, the Southern District of Florida, applying state law, determined that there *was* a sufficient nexus between an out-of-state defendant's activity and the alleged tort because the defendant had a Florida office and performed its contractual obligations from that office.  *See Sarmiento Lopez v. CMI Leisure Mgmt., Inc.*, 591 F. Supp. 3d 1232, 1240 (S.D. Fla. 2022).  It followed that the defendant's failure to adequately perform its contractual duties from its Florida office gave rise to the plaintiff's cause of action, satisfying the connexity requirement.  *Id.*  Appellants rely substantially on *Sarmiento*, but unlike the defendant there, CTF and HSC

23-13503               Opinion of the Court                    5

do not have offices in Florida. While they have officers who live in and work from Florida, it cannot be said that this amounts to operating or managing the hotel from Florida. So any negligence in operation or management functions that caused Appellants' injury is not directly affiliated to their limited presence in Florida. *See Canale*, 20 So. 3d at 466; *Citicorp*, 635 So. 2d at 82. And without this connection, their presence in Florida is "irrelevant." *Banco de los Trabajadores*, 237 So. 3d at 1137. Thus, Appellants' claims lack the requisite connexity to satisfy Florida's long-arm statute, and we need not proceed to the due process analysis.

**AFFIRMED**.