# Third District Court of Appeal
## State of Florida

Opinion filed November 13, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0534
Lower Tribunal No. 20-15983-CA-01
_____


**Wen Hsu, et al.**,
Appellants,

vs.

**Sariah Atassi**,
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Karen B. Parker, P.A., and Karen B. Parker, for appellants.

Cohen Norris Wolmer Ray Telepman Berkowitz & Cohen, and Adriana C. Clamens and James S. Telepman (North Palm Beach), for appellee.


Before EMAS, GORDO and LOBREE, JJ.

EMAS, J.

Wen Hsu and Ablerex Electronics Co., Ltd. (defendants below), appeal the trial court's order denying, without an evidentiary hearing, their motion to dismiss the operative complaint for lack of personal jurisdiction.

While Appellants raise several arguments, we find one claim merits reversal: The trial court's order failed to show the requisite analysis and failed to make the requisite findings relied upon to find personal jurisdiction.

At the conclusion of the hearing on Appellants' motion to dismiss, the trial court made the following oral pronouncement:

> I'm finding that there are alleged -- the sufficient legal basis under the law is claimed by [plaintiff] in her response. . . . I'm ruling based on the outline that you made in your response and the reasons that you've stated in terms of the evidence establishing the independent, you know, torts that Mr. Hsu [defendant] was acting in his individual capacity and the ties to Ablerex Electronic Company [defendant].

The following day, the trial court rendered an order, consisting of two paragraphs. It provides, en toto:

1. Defendants' Motion to Dismiss the Third Amended Complaint is hereby DENIED. The Court hereby finds that it has personal jurisdiction over the Defendants based on Plaintiff's response in opposition to the Defendants' Motion to Dismiss the Third Amended Complaint and the sworn statements attached to same, including Plaintiff's affidavit and the deposition excerpt of Defendant, Chia-Yu Lai a/k/a Silvia Lai.

2. Defendants shall file their answer and affirmative defenses within thirty (30) days from the entry of this Order.

2

Appellants timely filed their motion for rehearing, contending, *inter alia,* that the trial court failed to provide the requisite factual findings upon which it found personal jurisdiction over Appellants.

The trial court denied the motion for rehearing and this appeal follows. We have jurisdiction, see Fla. R. App. P. 9.130(a)(3)(C)(i) (authorizing appellate review of nonfinal orders that determine "the jurisdiction of the person"), and apply a de novo standard of review. See Castillo v. Concepto Uno of Miami, Inc., 193 So. 3d 57, 59 (Fla. 3d DCA 2016).

It is well established that "in all cases in which a foreign corporate defendant challenges the trial court's exercise of personal jurisdiction, the trial court's resulting order should carefully analyze both prongs of Venetian Salami Co. v. Parthenais, 554 So. 2d 499 (Fla. 1989),[1] and clearly articulate all requisite factual findings upon which the trial court's ultimate jurisdictional legal conclusions are based." HJC Corp. v. Gallardo, 338 So. 3d 316, 318 (Fla. 3d DCA 2022). "We recognize that highly detailed findings may not be required every time personal jurisdiction is challenged; however, if a trial

---

[1] In Venetian Salami Co. v. Parthenais, 554 So. 2d 499 (Fla. 1989), the Florida Supreme Court established a two-prong analysis in deciding whether personal jurisdiction exists over a nonresident defendant: First, the trial court determines whether "the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the [long-arm] statute; and if it does, the next inquiry is whether sufficient 'minimum contacts' are demonstrated to satisfy due process requirements." Id. at 502 (quotation omitted).

court is to exercise personal jurisdiction over a nonresident defendant, its findings should at a minimum indicate that both steps under <u>Venetian Salami</u> have been satisfied." <u>Travel Ins. Facilities, PLC v. Naples Cmty. Hosp., Inc.</u>, 367 So. 3d 611, 616 (Fla. 6th DCA 2023).

Here, the trial court's order found personal jurisdiction over the nonresident Appellants "based on Plaintiff's response in opposition" to the motion to dismiss, including the attached affidavit and a deposition excerpt. Yet, plaintiff's response in opposition to the motion to dismiss alleged personal jurisdiction based upon three separate subsections of section 48.193(1)(a), Florida Statutes (2020): subsection (1): "Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state"; subsection (2): "Committing a tortious act within this state"; and subsection (7): "Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state."

The trial court's oral pronouncement during the hearing appeared to deny the motion to dismiss based solely on specific, tort-based jurisdiction over Appellants, but this pronouncement is less than clear. In addition, neither the oral pronouncement nor the written order reflects an analysis or finding on the second prong of <u>Venetian Salami</u>—"whether sufficient

4

'minimum contacts' are demonstrated to satisfy due process requirements." Venetian Salami, 554 So. 2d at 502 (quotation omitted). Accordingly, the trial court's order, even when considered in combination with its oral pronouncement, falls short of satisfying the requirement that it "carefully analyze both prongs of Venetian Salami . . . and clearly articulate all requisite factual findings upon which the trial court's ultimate jurisdictional legal conclusions are based." HJC Corp., 338 So. 3d at 318. See also Canale v. Rubin, 20 So. 3d 463, 470 (Fla. 2d DCA 2009) (reversing as to one defendant because "the circuit court's order did not reflect that it had analyzed whether this action [the alleged tort] constituted sufficient 'minimum contacts' necessary to satisfy due process"); Hudson Cap. Props. IV, LLC v. Iecho, 341 So. 3d 1196, 1200 (Fla. 2d DCA 2022) ("[I]t does not appear from the circuit court's order or its oral ruling that it considered the second prong of the personal jurisdiction analysis—that is, the due process implications of exercising personal jurisdiction over [defendant] and whether there were sufficient minimum contacts such that [defendant] 'should reasonably anticipate being haled into' a Florida court. . . . The absence of that finding also compels reversal in this case.) (quoting Venetian Salami, 554 So. 2d at 500, 502) (additional citation omitted); Travel Ins. Facilities, 367 So. 3d at 615 (reversing order denying motion to dismiss for lack of jurisdiction given

5

"complete lack of findings" by the trial court on the first prong of <u>Venetian Salami</u>, and noting the appellate court's de novo standard of review prevents it from making factual findings on the first instance).[2]

Reversed and remanded for further proceedings consistent with this opinion.

---

[2] Indeed, the instant case illustrates at least one reason for requiring a trial court to indicate that both steps under <u>Venetian Salami</u> have been analyzed and satisfied: to indicate the absence of disputed jurisdictional facts which would otherwise necessitate an evidentiary hearing. In its motion for rehearing, Appellants contended that, because the trial court's order "did not contain the required factual findings for personal jurisdiction," the trial court "may have erred in failing to hold an evidentiary hearing." Appellants couched their contention in this conditional manner precisely because, in the absence of sufficient analysis and requisite factual findings by the trial court, they could not determine whether, or the extent to which, the trial court based its decision on disputed facts that could not be harmonized, thus triggering the need for an evidentiary hearing. <u>See Venetian Salami</u>, 554 So. 2d at 503 (holding that the trial court must hold a limited evidentiary hearing when the parties dispute the facts upon which long-arm jurisdiction is based).