# Third District Court of Appeal

## State of Florida

Opinion filed November 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2253
Lower Tribunal No. 22-5982-CA-01
_____

**Ruben Galsky Sandelman,**
Appellant,

vs.

**Aby Galsky Sandelman, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Caldera Law PLLC, and Courtney Caprio and Amanda Suarez, for appellant.

Berger Singerman LLP, and James D. Gassenheimer and Stephanie Marie Chaissan, for appellee Aby Galsky Sandelman.

Before SCALES, C.J., and GORDO and BOKOR, JJ.

SCALES, C.J.

Appellant, a defendant below, Ruben Galsky Sandelman, a Peruvian citizen, challenges the trial court's November 19, 2024 non-final order denying his motion to dismiss Appellee Aby Galsky Sandelman's amended complaint (the "operative complaint").[1] Appellant's motion to dismiss asserted that the trial court lacked long-arm jurisdiction over him.[2] We reverse the challenged order because the operative complaint fails to allege the basis for exercising long-arm jurisdiction over Appellant.

Appellee's operative complaint alleges that a Florida limited liability company, defendant Pachacamak, LLC, sold a condominium unit in Sunny Isles Beach, Florida, for $3.7 million and that Appellee was entitled to, but did not receive, the sales proceeds. Pertinent to this appeal, the operative complaint alleges that a $280,000 portion of the sales proceeds was paid to Agroworld Campo, S.A.C., a Peruvian corporation owned in part and managed by Appellant.

---

[1] Co-defendants below – Bela Sandelman Galsky, Jessica Galsky Sandelman de Wolfensohn, Pachacamak, LLC, and Agroworld Campo S.A.C. – are not parties to this appeal.

[2] We have jurisdiction to review the challenged non-final order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i).

The operative complaint's sole jurisdictional allegation regarding Appellant is found in the operative complaint's paragraph 60, which reads, in its entirety, as follows:

> 60. The circuit court has jurisdiction over [Appellant] pursuant to section 48.193, Florida Statutes as he committed fraudulent and tortious actions within Florida by improperly causing funds to be directed from a bank account in Florida for use of his company, Agroworld.[3]

Appellant filed a motion to dismiss the operative complaint asserting, among other things, that Appellee had failed to plead an adequate basis for the exercise of personal jurisdiction over Appellant in the operative pleading. Specifically, Appellant asserted that: (i) an alleged fraudulent transfer is not a tortious act upon which long-arm jurisdiction may be exercised, see Edwards v. Airline Support Grp., Inc., 138 So. 3d 1209, 1211-12 (Fla. 4th

---

[3] Presumably, Appellee was alleging jurisdiction based on section 48.193(1)(a)(2) of Florida's long-arm statute which, in pertinent part, provides as follows:

> A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts: . . . *Committing a tortious act* within this state.

§ 48.193(1)(a)(2), Fla. Stat. (2024) (emphasis added).

3

DCA 2014); and (ii) the alleged conversion occurred where the funds were received – Peru – and therefore the cause of action arises in Peru, not Florida. <u>See</u> <u>Merkin v. PCA Health Plans of Fla., Inc.</u>, 855 So. 2d 137, 140 (Fla. 3d DCA 2003).

In opposition to the motion to dismiss, Appellee filed a response in which he *changed his theory of long-arm jurisdiction*. Instead of long-arm jurisdiction based on Appellant allegedly committing a tort within Florida, Appellee newly asserted that the facts showed Appellant was operating, conducting, engaging in, or carrying on a business venture in Florida. <u>See</u> § 48.193(1)(a)(1), Fla. Stat. (2024). Indeed, the trial court's order denying the motion to dismiss finds personal jurisdiction over Appellant based on section 48.193(1)(a)(1) and makes no mention of section 48.193(1)(a)(2).

Critically, Appellee did not file, or seek leave to file, an amended complaint, alleging facts (i) supporting Appellee's new theory, or (ii) the nexus between Appellant's alleged conduct in operating a business venture in Florida and Appellee's claims against Appellant (fraudulent transfer in violation of chapter 726 of the Florida Statutes and conversion) – i.e., the connexity requirement. <u>See</u> <u>Canale v. Rubin</u>, 20 So. 3d 463, 466 (Fla. 2d DCA 2009) ("Specific jurisdiction . . . requires a causal connection between

the defendant's activities in Florida and the plaintiff's cause of action, a requirement known as 'connexity.'").

It is well established that, when reviewing whether a plaintiff has an adequate basis for long-arm jurisdiction against a nonresident defendant, the trial court's *first* inquiry is whether the plaintiff, in his operative complaint, has alleged a sufficient jurisdictional basis under section 48.193. Fincantieri-Cantieri Navali Italiani, S.p.A. v. Yuzwa, 241 So. 3d 938, 941 (Fla. 3d DCA 2018). When the plaintiff's theory of long-arm jurisdiction over the defendant changes, the plaintiff must seek to amend the complaint with germane jurisdictional facts or track the relevant statute. Otherwise, the judicial review process required under the Venetian Salami rubric is upended.[4]

Hence, without reaching the other issues raised by the parties in this appeal, we view Appellee's failure to file an adequate complaint – one that alleges both a legal and factual basis that is consistent with Appellee's jurisdictional theory as it relates to Appellant – as fatal to Appellee's efforts to establish long-arm jurisdiction over Appellant. We therefore reverse the

---

[4] Venetian Salami Co. v. J.S. Parthenais, 554 So. 2d 499, 502 (Fla. 1989) (holding that, after the plaintiff alleges sufficient jurisdictional facts over a nonresident defendant, the burden shifts to the defendant to contest jurisdiction by filing an affidavit in support of his position, whereupon the burden shifts back to the plaintiff to prove by affidavit the basis for jurisdiction).

challenged order and remand for the trial court to dismiss Appellant's amended complaint without prejudice to Appellee filing a second amended complaint that adequately alleges a jurisdictional basis over Appellant. See, e.g., Belz Investco Ltd. P'ship v. Groupo Immobiliano Cababie, S.A., 721 So. 2d 787, 789 (Fla. 3d DCA 1998) ("Procedurally, the plaintiff bears the initial burden of pleading sufficient facts to bring the action within the ambit of the long-arm statute. This may be done by alleging facts sufficient to show that the defendant's actions fit within one or more of the subsections of Florida's long-arm statute. It may also be done merely by tracking the language of the long-arm statute without pleading supporting facts." (citations omitted)).

Reversed and remanded with instructions.